UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO SANCHEZ, ) | 1:08-CV-01460 OWW SMS HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION WITH |
| ) | LEAVE TO FILE AMENDED PETITION |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK PETITION |
| M. S. EVANS, ) | FOR WRIT OF HABEAS CORPUS |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On September 29, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition fails to identify Petitioner's grounds for relief and the facts supporting those grounds.  Therefore, the petition must be dismissed.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The petition must be entitled "First Amended Petition" and must reference the instant case number. Petitioner is advised that failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   December 4, 2008**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE